FILED - 12/6/2023 10:06 AM
2023-DCL-05850 / 82283471
LAURA PEREZ-REYES
Cameron County District Clerk
By Gabriela De La Garza Deputy Clerk

CAUSE NO.2023-DCL-05850

| | | |
|---|---|---|
| NORA GOMEZ | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | Cameron County - 138th District Court |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| WAL-MART , INC. | § | |
| | § | |
| | § | |
| *Defendant.* | § | CAMERON COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION**

Plaintiff NORA GOMEZ complains of Defendant WAL-MART, INC. and would respectfully show the Court that:

**Discovery Control Plan**

Plaintiff intends to conduct discovery in this matter under Level 3 of the Texas Rules of Civil Procedure.

**Jurisdiction and Venue**

The claims asserted arise under the common law of Texas. This Court has jurisdiction and venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in CAMERON County, Texas.

**Statement Regarding Monetary Relief Sought**

Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief of over $1,000,000.00 but not more than $5,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees and judgment for all other relief to which Plaintiff is justly entitled. Plaintiff expressly reserves the right to amend this Rule 47 statement of relief if necessary.

## Parties

Plaintiff NORA GOMEZ is an individual residing in CAMERON County, Texas.

Defendant WAL-MART, INC. is a domestic corporation duly existing and doing business pursuant to the laws of the State of Texas and may be served with citation by service its registered agent for service of process, CT Corporation System, at:

1999 Bryan St., Suite 900 Dallas, Texas 75201 (Registered Address) and/or wherever they may be found;

702 SW 8th St. #555, Bentonville, AR 72716-6299 (Mailing Address) or wherever they may be found.

## Misnomer/Alter Ego

In the event any parties are misnamed or are not included herein, it is Plaintiff's. contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that any "corporate veils" should be pierced to hold such parties properly included in the interest of justice. Pursuant to Texas Rule of Civil Procedure 28, Plaintiff reserves the right to substitute this Defendant's true name, if different than the foregoing, after adequate time for discovery.

## Facts

This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about February 28, 2023. At that time, Plaintiff was a customer at the Defendant's building located at 3500 W. Alton Gloor Blvd. Brownsville, Texas 78520. As Plaintiff was walking through the store,

she stepped on and slipped on a slippery substance she believed to be a grape. Consequently, Plaintiff suffered bodily injuries.

At the time of the incident in question, Plaintiff was a customer of Defendant. Defendant knew or should have known of the unreasonably dangerous condition and neither corrected nor warned Plaintiff of it. Plaintiff did not have any knowledge of the dangerous condition and could not have reasonably been expected to discover it. Defendant either created the condition and/or failed to correct the condition or to warn Plaintiff about the dangerous condition, which constituted negligence, and such negligence was a proximate cause of the occurrence in question and Plaintiff's resulting injuries.

Plaintiff would show that, based on the above-described facts, Defendant was negligent. Defendant, as occupier and owner of the premises, with control over the premises, had a duty to inform Plaintiff of the dangerous condition and make safe the defective condition existing on Defendant's premises.

Defendant is liable to Plaintiff under the theory of premises liability and negligence based on the following negligent conduct:

(a). Failure to maintain the premises, including the store's floor, in a reasonably safe condition;

(b). Failure to inspect the premises where the dangerous condition existed;

(c). Failure to correct the condition by taking reasonable measure to safeguard persons who entered the premises;

(d). Failure to inform Plaintiff of the dangerous condition existing on the premises; and

(e). Other acts deemed negligent.

Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages that are described below.

Defendant was also negligent in that it failed to act as reasonably prudent premise owner would act in the same or similar situation.

**Damages**

As a result of these acts or omissions, Plaintiff sustained damages recognizable by law.

By virtue of the actions and conduct of the Defendant set forth above, Plaintiff was seriously injured and is entitled to recover the following damages:

a. Past and future medical expenses;

b. Past and future pain, suffering, and mental anguish;

c. Past and future physical impairment;

d. Past and future physical disfigurement; and

e. Past lost wages and future loss of earning capacity.

By reason of the above, Plaintiff is entitled to recover damages from the Defendant in an amount within the jurisdictional limits of this Court, as well as pre and post-judgment interest.

**Jury Demand**

Plaintiff hereby demands a trial by jury.

**Rule 193.7 Notice**

Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

**Prayer**

Plaintiff prays that this citation issue and be served upon Defendant in a form and manner prescribed by law, requiring that Defendant appear and answer, and that upon final hearing, Plaintiff has judgment against Defendant in a total sum in excess of the minimum jurisdictional

limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief, to which she may be justly entitled.

Respectfully submitted,

**KENNY PEREZ LAW**

/s/ *Lee "Kenny" Perez*
Lee "Kenny" Perez
Texas State Bar No. 24094112
3505 Boca Chica Blvd, Suite 151
Brownsville, TX 78521
Telephone: (956) 544-9292
Facsimile: (956) 544-9291
e-service@KennyPerezLaw.com
**ATTORNEY FOR PLAINTIFF**